UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAUREEN ENNIS, PATRICIA DEVIN, PATRICIA SCHULTZ, and LUIS LEON, <br><br> Plaintiffs, <br><br> v. <br><br> ARAMARK and THE MASSACHUSETTS CONVENTION CENTER AUTHORITY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No. 08-11799-PBS <br> ) <br> ) |

## ANSWER OF DEFENDANT MASSACHUSETTS CONVENTION CENTER AUTHORITY

Defendant Massachusetts Convention Center Authority ("MCCA") answers the numbered paragraphs of the Complaint as follows:

## I. INTRODUCTION

1. The allegations merely purport to describe the lawsuit and no answer is called for. To the extent that they allege or imply that MCCA has acted wrongfully or in violation of law, that MCCA is liable to them, or that they are entitled to relief of any kind against MCCA, the allegations are denied.

## II. PARTIES

2. MCCA is without information sufficient to affirm or deny the allegations and calls on plaintiffs to prove the same.

3. MCCA is without information sufficient to affirm or deny the allegations and calls on plaintiffs to prove the same.

4. MCCA is without information sufficient to affirm or deny the allegations and calls on plaintiffs to prove the same.

5. MCCA is without information sufficient to affirm or deny the allegations and calls on plaintiffs to prove the same.

6. The allegations merely purport to describe the lawsuit and no answer is called for. To the extent that they allege or imply that MCCA has acted wrongfully or in violation of law, that MCCA is liable to them, or that they are entitled to relief of any kind against MCCA, the allegations are denied.

7. MCCA admits only that it is party to a contractual relationship with ARAMARK Sports and Entertainment Services, Inc. ("ARAMARK") under which that entity is granted concession rights for the operation of food and beverage services at the John B. Hynes Veterans Memorial Convention Center and the Boston Exhibition and Convention Center. Otherwise, MCCA is without information sufficient to affirm or deny the allegations and calls on plaintiffs to prove the same.

6 [sic]. With respect to the first clause, MCCA admits only that it is party to a contractual relationship with ARAMARK under which that entity is granted concession rights for the operation of food and beverage services at the John B. Hynes Veterans Memorial Convention Center and the Boston Exhibition and Convention Center. Otherwise, denied. The second clause is denied.

### III. <u>STATEMENT OF FACTS</u>

7 [sic]. MCCA denies that it has "added a gratuity or service charge to patrons' bills." and denies that it has any knowledge of such gratuity or service charge which is actually added or how that gratuity or service charge is described. Further answering, MCCA states that it has, and has had, no involvement in invoicing, billing or charging patrons of the services provided by ARAMARK or in determining what, if any, gratuities, service charges, or other charges are

invoiced, billed or charged by ARAMARK to ARAMARK's patrons; that it does not, and never

has, demanded, collected, received, accepted, or retained any proceeds for such gratuities,

service charges, or other charges from such patrons; that if any such gratuities, service charges,

or other charges are or have been demanded, collected, received, accepted or retained, they are or

have been demanded, collected, received, accepted or retained solely by ARAMARK; and that

under MCCA's contractual relationship with ARAMARK, ARAMARK is solely responsible for

any and all obligations which ARAMARK owes or may owe to its employees. With respect to

the allegations concerning ARAMARK's actions, MCCA states that it is without information

sufficient to affirm or deny the allegations and calls on plaintiffs to prove the same.

8 [sic]. MCCA's answer to paragraph 7 [sic], above, is incorporated by reference as if set

forth in full. Accordingly, MCCA states that it is without information sufficient to affirm or deny

the allegations and calls on plaintiffs to prove the same.

9 [sic]. MCCA's answer to paragraph 7 [sic], above, is incorporated by reference as if set

forth in full. Accordingly, MCCA states that it is without information sufficient to affirm or deny

the allegations and calls on plaintiffs to prove the same.

10 [sic]. MCCA's answer to paragraph 7 [sic], above, is incorporated by reference as if

set forth in full. Accordingly, insofar as the allegations are made against MCCA they are denied.

Insofar as they are made against ARAMARK, MCCA states that it is without information

sufficient to affirm or deny the allegations and calls on plaintiffs to prove the same.

### IV. <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

11 [sic]. MCCA states that it is without information sufficient to affirm or deny the

allegations and calls on plaintiffs to prove the same. MCCA denies that plaintiffs have any

"statutory claims" against it.

## COUNT I
## MASSACHUSETTS GENERAL LAW [SIC] CHAPTER 149 § 152A

Denied as to MCCA.\

## COUNT II
## QUANTUM MERUIT/UNJUST ENRICHMENT

Denied as to MCCA.

## COUNT III
## BREACH OF CONTRACT

Denied as to MCCA.

## COUNT IV
## INTENTIONAL INTEFERENCE WITH CONTRACTUAL AND/OR ADVANTAGEOUS RELATIONS

Denied as to MCCA.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against MCCA upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have no claim against MCCA because it is not their employer.

## THIRD AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the putative claims against MCCA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have no standing to sue MCCA.

## FIFTH AFFIRMATIVE DEFENSE

MCCA has no obligations to plaintiffs under contract, implied contract, statute or any

other theory or basis.

## SIXTH AFFIRMATIVE DEFENSE

MCCA's actions at all relevant times have been lawful, justified and in good faith.

WHEREFORE, MCCA respectfully prays that this court:

1. Dismiss the Complaint;

2. Enter final judgment in MCCA's favor;

3. Award to MCCA its attorneys fees and costs;

4. Enter such other and further relief as is deemed just.

> THE MASSACHUSETTS
> CONVENTION CENTER
> AUTHORITY
> By its attorneys
>
>
> */s/ John Foskett*
> John Foskett, BBO# 175540
> DEUTSCH WILLIAMS BROOKS
> DERENSIS & HOLLAND, P.C.
> One Design Center Place
> Suite 600
> Boston, MA 02210

Dated:  November 5, 2008                    (617) 951-2300

## CERTIFICATE OF SERVICE

I, John Foskett, certify that I understand that counsel of record will receive electronic notice of the electronic filing of this pleading.

> */s/ John Foskett*
> John Foskett

4