RECEIVED JUL 1 5 2009

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.  SUPERIOR COURT
CIVIL ACTION
NO. 08-00301

WALTER BEDNARK & others[1]

vs.

CATANIA HOSPITALITY GROUP, INC. & another[2]

## MEMORANDUM OF DECISION & ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The matter before the court is the defendants' Motion for Summary Judgment, which can be resolved by the court's interpretation of G. L. c. 149, § 152A(d):

> Nothing in this section shall prohibit an employer from imposing on a patron any house or administrative fee in addition to or instead of a service charge or tip, *if the employer provides a designation or written description of that house or administrative fee, which informs the patron that the fee does not represent a tip or service charge* for wait staff employees, service employees, or service bartenders.

(emphasis added). Specifically, the defendants seek a determination that an employer may designate a fee as an "administrative fee" without providing a written description informing customers the fee does not represent a tip or service charge. For reasons set forth below, the defendants' motion is **ALLOWED**.

---

[1] d/b/a Cape Codder Resort & Spa, Anthony D'Allessandro, Richard Lacy, and all others similarly situated

[2] William Catania

## BACKGROUND

The plaintiffs worked as bartenders at the Cape Codder Spa & Resort ("Cape Codder"), an establishment owned and managed by the defendants, from February 2003 to February 2006. When the Cape Codder hosted functions, it paid its bartenders a flat hourly rate between $12.00 and $14.25. When the bartenders worked in a non-function capacity at the Cape Codder's restaurant and lounge, however, the Cape Codder paid them at least $2.63 per hour, supplemented by tips and gratuities from customers.

The controversy here involves the application of § 152A(d) to the defendants while working at the Cape Codder's functions. The written contract between the Cape Codder and its function customers, as well as the Cape Codder's function menus and invoices, provide a charge designated as an "administrative fee" of 18% or 19% for food, beverage, or other charges incurred by the function customer. The contract, the function menus, and invoices are devoid of any further description of this administrative fee. However, the Cape Codder's sales staff typically reviewed the function charges with customers and explained that the administrative fee was subject to the 5% state sales tax and that it was not distributed to employees.

The plaintiffs argue that the Cape Codder failed to pay them service charges within the definition of § 152A(d), where it only designated charges as administrative fees without providing a written description that the fees were not tips or service charges. The defendants contend that § 152A(d) permits employers to designate a fee as an administrative fee without providing a further description.

2

## DISCUSSION

Summary judgment shall be granted where there is no genuine issue of any material fact and where the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56(c); *Pederson* v. *Time, Inc.*, 404 Mass. 14, 16-17 (1989). A moving party bears the burden of showing the absence of a triable issue by either submitting affirmative evidence that negates an essential element of the opposing party's case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of their case trial. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 711-712, 714, 716 (1991).

Summary judgment is appropriate here because the facts are undisputed and resolution of the case turns on the statutory construction of § 152A(d). The defendants argue that § 152A(d)'s plain language distinguishes between a tip or service charge and administrative fee, and provides: (1) for the designation of either fee type and (2) for an alternate means of imposing fees by written description stating that the fees do not represent a tip or service charge. The court finds the defendants' argument persuasive, based on the proper application of the recognized rules of statutory construction.

The court begins its analysis with the familiar principle "that a statute must be interpreted according to the intent of the Legislature ascertained from all its words and construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Devaney* v. *Town of Watertown*, 13 Mass. App. Ct. 927, 928 (1982), quoting *Industrial Fin. Corp.* v. *State Tax Commn.*, 367 Mass. 360, 364 (1975).

3

Here, the resolution of the parties' controversy depends on the grammatical construction of § 152A(d)'s phrase "if the employer provides a designation or written description of that house or administrative fee, which informs the patron that the fee does not represent a tip or service charge." The court must decide whether the modifying clause, "which informs the patron that the fee does not represent a tip or service charge," refers only to its immediate antecedent, "written description of that house or administrative fee," or whether it also refers to the employer's "designation." "It is the general rule of statutory as well as grammatical construction that a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation." *Druzik v. Board of Health of Haverhill*, 324 Mass. 129, 133 (1949) (citations omitted). Here, the court finds that the general rule applies, and the phrase "which informs the patron that the fee does not represent a tip or service charge" is confined to the last antecedent, "written description of that house or administrative fee."

The use of the term "or" between the employer's "designation" and the "written description of the house or administrative fee" supports this construction. The dictionary defines "or" as "a function word to indicate an alternative." Merriam-Webster's Collegiate Dictionary, p. 872 (Eleventh Ed. 2004). Therefore, use of "or" in § 152A(d) strongly suggests that employers have two alternatives for informing customers about the nature of a fee. Applying the modifying phrase, "which informs the patron that the fee does not represent a tip or service charge," to both "designation" and "written description," would essentially eliminate the first alternative by requiring an employer to provide a written description regardless of which of the methods it employed to identify the nature of a fee. Therefore, the modifying phrase applies only

4

where an employer uses a "written description" to identify the nature of a fee.

Nothing in the subject matter or in the purpose of § 152A compels a different result. The legislature expressly chose to distinguish between tips or service charges from administrative fees in § 152A(d) by stating that "[n]othing in this section shall prohibit an employer from imposing on a patron any house or administrative fee *in addition to or instead of* a service charge or tip . . . . " (emphasis added). Both the plain language of § 152A(d) and caselaw suggest that an employer may impose and retain an administrative fee, as long as it properly indicates that these fees are not tips or service charges in accordance with § 152A(d)'s prescribed methods, designation and written description. See *Cooney v. Compass Group*, 69 Mass. 632, 636 (2007) (citations omitted) (reasoning that the clear purpose of § 152A is to allow employees to retain payments in the nature of tips, gratuities, and service fees).

Moreover, any other construction would render the words "designated or" superfluous. "It is a canon of statutory construction that portions of language are not to be deemed superfluous." *Commonwealth v. Wellesley Toyota Co.*, 18 Mass. App. Ct. 733, 735 (1984), citing *Devaney*, 13 Mass. App. Ct. at 928. This court cannot construe § 152A(d) to require an employer to inform a customer that a fee designated as an administrative fee is not a tip or a service charge. Under that construction, the term "designation or" would lack a purpose and be subsumed into "written description." To give meaning to all the words of the statute, this court construes § 152A(d) to state that where an employer has designated a fee as house or administrative fee, the section does not require the employer to provide a written description that a fee is not a tip or service charge.

In conclusion, the Cape Codder was entitled to retain any properly identified administrative fees under § 152A(d). The Cape Codder designated its 18-19 % charges as

5

administrative fees on in its function contracts, menus, and invoices. By doing so, the Cape Codder properly indicated that the fees imposed on customers were not tips or service charges. Accordingly, the plaintiffs were not denied any compensation for tips or service charges. This is especially true where the Cape Codder paid the plaintiffs a flat hourly rate that accounted for gratuities when they worked at functions.

## ORDER

For the reasons stated above, the defendants' Motion for Summary Judgment is **ALLOWED**. As a result, all the plaintiff's alternative claims fail and must be **DISMISSED**.[3]

July 10, 2009

_____
Christopher J. Muse
Justice of the Superior Court

---

[3] The plaintiffs brought alternative claims for quantum meruit, intentional interference with contractual or advantageous relations, breach of contract, breach of covenant of good faith and fair dealing, conversion, and unjust enrichment.

6

A true copy, Attest:

_____
         Clerk